IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATRELLA R. REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-072-MJR-DGW |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is the Motion for Summary Judgment (Doc. 35), filed by Defendant Bank of America, N.A. (the "Bank"). Plaintiff Atrella Reynolds' ("Reynolds") response was due by October 12, 2010. To date, Reynolds has not responded to the motion. Thus, pursuant to Local Rule 7.1(c), the Court considers her failure to respond as an admission of the merits of the Motion for Summary Judgment (Doc. 35).[1] Furthermore, based upon a review of the record before it, even if Reynolds had responded, the Bank would be entitled to judgment as a matter of law under FEDERAL RULE OF CIVIL PROCEDURE 56(c).

Reynolds brings this action pursuant to 42 U.S.C. § 1981, alleging the Bank "discriminates against its ATM customers by demanding its ATM users to have more knowledge about acceptable deposit transactions than its on-site facility customers" (Doc. 1, ¶ 32). Reynolds' purported claims arise out of her attempt to deposit a $6000.00 check, made payable to another person, via the Bank's automated teller machine ("ATM"). Reynolds alleges that the Bank failed

---

[1] Local Rule 7.1(c) provides in part: "An adverse party in a civil case shall have **30 days** after service of a motion [for summary judgment] to file a response. … Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

to properly credit her account with funds she thought were automatically deposited from this third-party check.  Believing her account had been immediately credited Reynolds withdrew funds; her account became overdrawn, and she was assessed various fees.  Reynold further alleges that because of this situation, the Bank "breached its contract; inconvenienced; intentionally inflicted emotional distress; pandemonium; and fear; and discriminated against Plaintiff as an ATM Customer" (Doc. 1, ¶ 36).  Reynolds outrageous claims have no arguable basis in law and they are objectively frivolous.  As such, for the reasons outlined below, the Bank's Motion for Summary Judgment (Doc. 35) is **GRANTED with prejudice**.

Under FEDERAL RULE OF CIVIL PROCEDURE 56, Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  On summary judgment, the evidence is construed in a light most favorable to the non-moving party (here, Reynolds) and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).  Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne,* 91 F.3d 922, 931 (7th Cir. 1996).  In other words, "[t]o defeat a motion for summary judgment, the nonmoving party cannot rest on the mere allegations contained in its pleadings but 'must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial.'" *Fillipovic v. K&R Exp. Sys., Inc.*, 176 F.3d 390, 395 (7th Cir. 1999), *quoting Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995).

Here, of course, Reynolds has not responded to the Bank's motion and as such, she has provided no evidence supporting any of her claims. Regardless, because all of Reynolds' claims clearly lack merit, summary judgment is appropriate as a matter of law. As the bank points out, Reynolds' long list of alleged grievances rests on the erroneous assumption that the Bank was required, by contract, to accept the third-party check for deposit and make funds immediately available for withdrawal. But the Deposit Agreement signed by Reynolds, which governs the terms and conditions of her interest checking account (*see* Doc. 35-1, p. 7), expressly states that the Bank "may refuse … all or any part of any deposit" and "may … refuse to accept for deposit to [Plaintiff's] account items payable to another person" (*Id.*, p. 34). The check at issue was made payable to another person and as a result, under the express terms of the Deposit Agreement, the Bank was not obligated to accept it. As a result, there was no breach of contract.

Further, the Bank was under no obligation to make funds from a third-party check immediately available for withdrawal. The Deposit Agreement expressly states that the Bank has an absolute right to delay making funds available where, as here, a check totaling more than $5000 was deposited in one day (Doc. 35-1, p. 23). Moreover, Reynolds' ATM receipt stated clearly, in bold letters, "Hold Notice—a hold has been placed on your deposit. Total Amt Delayed $5,700." Given such a notice, after depositing a third-party check for $6000, no reasonable person would assume that they had any more than $300 available from that deposit.[2] And yet, after overdrawing

---

[2] In her Complaint, Reynolds alleges that after making her ATM deposit of the check, she "requested and received a deposit summary receipt acknowledging a deposit of $6,000 with an offer of $1,000 as cash immediately available" (Doc. 1, ¶ 15). However, the copy of the ATM receipt that Reynolds submitted as an exhibit along with her responses to interrogatories clearly states "Funds Availability—$1,000.00 on 01/15/2010," one week after the date of her deposit. Thus, Reynolds is either intentionally making a false claim or, at a minimum, she is repeating the same careless oversight that led her into this situation in the first place.

on her account, Reynolds' attempts to lay blame at the feet of the Bank for her own oversight. In spite of this attempt at blame shifting, the fact remains: the Bank clearly did not breach its contract with Reynolds because it abided by the express terms of the Deposit Agreement.

Reynolds Complaint, based on the conduct outlined above, also includes claims of intentional infliction of emotional distress, pandemonium, "fear" and discrimination. It defies logic to argue that the Bank's decision (via an *automated* teller) to delay the deposit of third-party funds—an action expressly provided for in the Deposit Agreement and clearly stated on the ATM receipt—could somehow be discriminatory, or create "pandemonium, fear" or the intentional infliction of emotional distress. While Reynolds is proceeding *pro se*, the Court notes that this is "not her first rodeo." Rather, it is her third civil action filed in this Court in as many years (*see Reynolds v. Div. of Aeronautics*, Case No. 08-cv-0415-GPM, and *Reynolds v. Div. of Aeronautics II*, 09-cv-0510-GPM). Even the most basic research would have shown Reynolds that claims for "inconvenience, pandemonium and fear" do not even exist under Illinois law. Further, there is not even a hint of the kind of extreme, outrageous and intentional conduct required to establish a viable claim of intentional infliction of emotional distress. *See Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006). In light of her own oversight as an ATM customer during a relatively mundane business transaction, alleging such outrageous claims is both irrational and frivolous.

It goes without saying that Reynolds' claims of discrimination, based on her status as an ATM customer, are also unfounded and frivolous. As the Bank notes, "ATM users are not a protected class within the meaning of Section 1981" because this statute is only concerned with racial discrimination.. *See*, *e.g.*, *Pourghoraishi v. Flying J., Inc.*, 449 F.3d 751, 756 (7th Cir. 2006)

("Section 1981 applies to allegations of discrimination based on race"); *Wiliamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1294 (7th Cir. 1987) (even "monstrous conduct" is not actionable under Section 1981 unless it is based on race). At bottom, there is no evidence that the Bank rejected Reynolds' third-party check for any reason other than because it was made payable to a third party. While this rejection may have created a hassle for Reynolds, it comes nowhere close to any cognizable form of discrimination.

In conclusion, Reynolds claims of have absolutely no merit and judgment for the Bank is appropriate, as a matter of law. Accordingly, the Court **GRANTS** the Bank's Motion for Summary Judgment (Doc. 35), and **DISMISSES with prejudice** Reynolds' Complaint (Doc. 1) in its entirety. Furthermore, in light of the frivolous nature of her claims, Reynolds is hereby put on **NOTICE** that any future filings found to be frivolous will lead to monetary and/or other sanctions by this Court.[3] Additionally, the Court hereby awards costs to Defendant, Bank of America, N.A. In light of the foregoing, all pending motions are rendered moot, and all pending deadlines are terminated. The Clerk of Court is directed to enter Judgment accordingly.

**IT IS SO ORDERED.**

DATED November 23, 2010.

/s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge

---

[3] In case any more evidence of the frivolity of Reynolds' claims is required, the Court notes that, in her Complaint, Reynolds is not seeking to recover the fees that she claims were wrongfully assessed, which she admits were "minimal." Rather, Reynolds seeks "a damage award in the amount of $50,000 for personal injuries and punitive damages combined."